**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30186 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-02140-FVS |
| v. | |
| ALFREDO MENDOZA-ALVAREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Alfredo Mendoza-Alvarez appeals from the district court's judgment and

challenges the 27-month term of supervised release imposed upon revocation of

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendoza-Alvarez contends that the district court procedurally erred by

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failing to consider and explain why a new term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c) (2011), which directs that a district court ordinarily should not impose a term of supervised release if the defendant is a deportable alien. The record reflects that the district court considered section 5D1.1(c) and adequately explained why it declined to follow it. Contrary to Mendoza-Alvarez's contention, no written statement of reasons was required because the district court imposed a term of supervised release within the Guidelines range. *See* 18 U.S.C. § 3553(c)(2); U.S.S.G. § 7B1.3(g)(2); *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012) ("no departure analysis is triggered" by the imposition of supervised release because section 5D1.1(c) is not mandatory).

Mendoza-Alvarez also challenges the term of supervised release as substantively unreasonable. The district court did not abuse its discretion in imposing a 27-month term of supervised release. *See Valdavinos-Torres*, 704 F.3d at 692. The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Mendoza-Alvarez's numerous prior deportations. *See id*. at 692-93; *see also* U.S.S.G. § 5D1.1(c) cmt. n.5 (district court should consider imposing term of supervised release on deportable alien if it determines supervised release would

provide an added measure of deterrence and protection).

**AFFIRMED.**

12-30186